COBB, Judge,
concurring specially.
Attorney Russ is willing to represent the defendant pro bono but wants the assistance of co-counsel at public expense. This puts a new twist on the concept of pro bono representation. An indigent defendant is entitled to counsel, but is not permitted to select his or her counsel at public expense. The same is true for Russ, who should not be permitted to select his co-counsel at public expense. The order under review sets a bad precedent, because in the future an attorney with little or no experience in capital cases could agree to represent pro bono a criminal defendant and then move the court for the appointment of a more experienced attorney for assistance, to be compensated by the county. This practice would undermine the state public defender system created by the legislature as the way of providing counsel to indigent defendants. Although the trial judge was correct that he could not appoint a public defender to work as co-counsel with a private attorney, the trial court did not discuss the obvious alternatives: instruct Russ to seek out other attorneys who are willing to act as co-counsel on a pro bono basis, or appoint the public defender if Mr. Russ is unable to secure pro bono assistance and is not able to handle the case alone.